*McFARLAND v. THE SOUTHERN IMPROVEMENT CO.

*Prayers for Instruction—Judge's Charge.*

When a party asks a prayer for instruction, to which he is entitled, it
must appear that it was given either as asked or was substantially
given in the charge, if the appellant excepted to the refusal.

CIVIL ACTION, tried before *Gilmer, J.*, at March Term, 1889,
of BUNCOMBE Superior Court.

The defendant asked several instructions, of which the
9th was as follows:

"9. Every person who professes to be a skilled workman
impliedly undertakes to do his work well and in a workman-
like manner, and according to the rules and principles of his
trade or art. The performance must be an actual *bona fide*
performance, in accordance with the true meaning of the
parties, and not a mere compliance with the letter of the
agreement, in violation of the spirit of the contract, if such
existed. If a contractor knows the purpose for which a
work he engages to perform is done, the work must be rea-
sonably fit for the purpose for which it is required."

The Court refused all the instructions, except a part of the
last, embodied in the charge given, and the defendant
excepted.

There was no exception taken to the charge of the Court.

Verdict and judgment for plaintiff　Appeal by defendant.

*Messrs. M. E. Carter* and *C. M. Busbee*, for the plaintiff.
*Messrs. F. A. Sondley* (by brief) and *T. F. Davidson*, for the
defendant.

CLARK, J.: Upon the evidence and pleadings, the defend-
ant was entitled to have had his ninth prayer for instructions

---

* Head-notes by CLARK, J.

granted, if not in the very words asked, at least in substance. It appears that neither was done. The case, as settled by the Judge, says, "All the prayers for instructions were refused, except a part of the ninth, embodied in the charge given, and the defendant excepted." It appears, therefore, that only a part of this prayer was given, and what part is not stated. As the charge is not sent up, we cannot say that the part given was the substance of the whole prayer; and it would seem that it was not, for the Judge states, in effect, that part of that prayer (and the whole of the other prayers) was refused. The exception to the refusal to give the whole prayer as asked, was notice to the appellee and to the Judge to send up the part of the charge delivered, which embodied the instruction given in that aspect of the case. This has not been done. There is in the record no exception to the charge given, and we must assume that it was satisfactory as far as it went. This exception, however, is for an omission to charge, which would not be error unless an instruction was asked and refused, as was done here. *State* v. *Bailey*, 100 N. C., 528 ; *McKinnon* v. *Morrison*, 104 N. C., 354.